IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NWP Services Corporation,
        Plaintiff,

v.                                   Civil Action No. 3:15-cv-787

VAC L.L.L.P.,

CLHV, L.L.C.,

and

SJW, L.L.L.P.,
        Defendants.

## OPINION

The plaintiff, NWP Services Corporation, has sued the defendants for breach of contract for failure to pay the amount allegedly owed for services, and the defendants have filed a motion to dismiss. The defendants contend the complaint named improper defendants by including the original parties to the contract rather than the LLCs to whom the defendants assigned the contracts. They say the assignees are necessary parties to the case. Alternatively, the defendants ask the Court to compel the plaintiff to amend the complaint, adding the assignees as defendants. In addition, SJW, L.L.L.P. ("SJW") seeks dismissal from the action entirely, as SJW allegedly no longer exists. Because the plaintiff named proper parties in the complaint, the Court denies the defendants' motions.

## I. BACKGROUND

According to the complaint, NWP had a series of contracts with the defendants to provide utility submetering services at apartment complexes. NWP performed its contractual duties, but

the defendants have not paid $302,089.55, the amount collectively outstanding under the terms of the agreements.

The defendants say they assigned their service agreements to other LLCs, so the assignees are the correct defendants. They also say that SJW has been dissolved, so it cannot be sued.

## II. DISCUSSION

### A. Failure to Join a Necessary Party.[1]

The assignees are not necessary parties under Rule 19, so the Court denies the defendants' 12(b)(7) motion to dismiss and declines to join the assignees by order. Fed. R. Civ. P. 12(b)(7). Rule 19 defines a party as necessary in two circumstances. First, Rule 19(a)(1)(A) defines a party as necessary if "in that [party's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Here, the Court can accord complete relief to the plaintiff. "Under Virginia law, the parties to a contract remain liable for obligations under the contract unless novation occurs." *See BestSweet, Inc. v. NTI Holdings Corp.*, Civil Action No. 1:09cv942, 2010 WL 2671303, at *2 (E.D. Va. July 2, 2010) (citing *Honeywell, Inc. v. Elliott*, 213 Va. 86, 189 S.E.2d 331 (1972). As conceded by both parties, no novation has

---

[1] "Rule 12(b)(7) provides for dismissal where a party has not been joined as required by Rule 19." *Marina One, Inc. v. Jones*, 22 F.Supp.3d 604, 606 (E.D. Va. 2014). Courts addressing a 12(b)(7) motion face a two-step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, the court must ask whether a party "is necessary to a proceeding because of its relationship to the matter under consideration" pursuant to Rule 19(a). *Id.* (internal quotations and citations omitted). If the party is necessary, the court will join it into the action. *Id.* If the court cannot join the party, however, the court must then determine whether that party is indispensable pursuant to Rule 19(b). *Id.* If the party is indispensable, the court must dismiss the action. *Id.* The party asserting the Rule 12(b)(7) motion has the burden of showing that a person not joined is necessary and indispensable. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

occurred in this case. The original parties remain liable for the assigned contracts, and NWP can obtain complete relief from them.

Second, Rule 19(a)(1)(B) defines a party as necessary when "that [party] claims an interest relating to the subject of the action" and adjudicating the action in that party's absence could impede its ability to protect the interest or leave an existing party subject to risk of inconsistent obligations. Fed R. Civ. P. 19(a)(1)(B). The assignees have not claimed an interest in the action. Even if they had, however, they would not meet the requirements under Rule 19(a)(1)(B). First, under Rule 19(a)(1)(B)(i), a party's ability to protect its interest is not impaired or impeded simply because it has an interest in the outcome of the litigation or even faces adverse consequences as a possible result of the litigation. Instead, Rule 19(a)(1)(B)(i) requires that the party's interests are impaired or impeded *because of* their absence from the litigation as required by Rule 19(a)(1)(B)(i). *See MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 387 (2d Cir. 2006). The ability of the assignees to protect their interests will remain intact, despite the potential for an adverse outcome in the immediate case, so they are not necessary parties. Furthermore, since the currently named parties will not face exposure to conflicting legal obligations, the defendants have failed to satisfy the requirements under Rule 19(a)(1)(B)(ii).

Accordingly, the Court denies the defendants' 12(b)(7) motion.

### B. SJW's 12(b)(6) Motion to Dismiss

SJW says that because it has been dissolved, it cannot be sued. This is simply incorrect, so the Court denies SJW's motion to dismiss. Although SJW did dissolve upon its automatic cancellation, Va. Code § 50-73.49(5), dissolution does not result in immunity from liability. Va. Code § 50-73.52:2.

SJW relies on Delaware LLC law, which apparently forecloses suits against LLCs after they file a certificate of cancellation. *See Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 138 (Del. Ch. 2004). Under Virginia law, on the other hand, when a limited partnership files a certificate of cancellation (which the briefs do not indicate has occurred in this case), the existence of that limited partnership "shall cease, except for the purpose of suits." Va. Code Ann. § 50-73.52:4.

Furthermore, the law makes it clear that the dissolution of a limited partnership only terminates that partnership's liabilities to third parties if the partnership takes specific steps to notify potential claimants. Va. Code Ann. § 50-73.52:2. Even if a partnership publishes such notice, the law does not bar claims until three years after publication. *Id.* SJW did not dissolve until December 31, 2014, so the three-year period cannot have passed, even if SJW did publish the proper notice immediately at dissolution.

Accordingly, SJW remains liable for its contract, despite its automatic cancellation on December 31, 2014. The Court denies SJW's motion to dismiss.

### III. CONCLUSION

For these reasons the Court DENIES the defendants' motions to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: August 3, 2016
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge